UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 1:19-CR-332 |
| | ) | |
| v. | ) | (JUDGE CONNER) |
| | ) | |
| JAMES TYLER MURPHY, | ) | |
| | ) | |
| Defendant. | ) | (Electronically Filed) |

## STIPULATION OF CONSENT TO FORFEITURE

COMES NOW the United States of America, by and through its
counsel, Bruce D. Brandler, Acting United States Attorney for the
Middle District of Pennsylvania, and Sean A. Camoni, Assistant United
States Attorney, and James Tyler Murphy, individually and by and
through defense counsel, Ari D. Weitzman, Esquire, who hereby agrees,
consents, and stipulates to knowingly and voluntarily forfeit
defendant's interest in the following assets:

                 a.     an LG Cellphone K20 Plus, Model: LGMP260, S/N:
                      810CONL562423; and

                 b.     a Black LG Stylo 4 LG-Q710AL cell phone, IMEI:
                      355240109132020.

Defendant James Tyler Murphy further stipulates and agrees:

1.     that the above-described assets constitute as property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense in violations of 18 U.S.C. § 2251(a), and 18 U.S.C. § 2252A(a)(2)(A), and are subject to forfeiture pursuant to 18 U.S.C. § 2253;

2.     to concurrence in any motion necessary to be filed and to sign any and all documents necessary to effectuate the forfeiture of the aforementioned property;

3.     to waive the service of any papers and pleadings upon defendant and consent to Ari D. Weitzman, located at 100 Chestnut Street, Suite 306, Harrisburg, PA 17101, as agent for the defendant for the acceptance of any further pleadings or papers to be served thereupon;

4.     to waive all constitutional legal and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any ownership claims and any claim or defense under the Eighth Amendment, including any claim of excessive fine;

5.     to waive any double jeopardy challenges the defendant may have to any administrative, criminal, or civil forfeiture actions, pending

2

or completed, arising out of the course of conduct forming the basis for the forfeiture;

6.    to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment;

7.    to not contest or assist anyone else in contesting the forfeiture on any other ground;

8.    to not petition or assist anyone else in petitioning for the remission or mitigation of the forfeiture;

9.    that if any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or

any of its agencies or employees, including claims for attorney's fees and costs of litigation;

10.     that if the United States discovers that the defendant has not fully disclosed all assets, the United States may seek a money judgment, forfeiture of substitute assets, and/or subsequently discovered assets, and the defendant agrees to the immediate forfeiture of any such assets; and

4

11.    to unconditionally release and hold harmless the United

States, its officers, employees and agents from any and all claims,

demands, damages, cause of actions or suits, of whatever kind and

description, and wheresoever situated, that might now exist or

hereafter exist by reason of or growing out of or affecting, directly or

indirectly, the seizure of the above-described property.

SIGNED AND AGREED:
BRUCE D. BRANDLER
Acting United States Attorney

_____, 2021        By:    _____

SEAN A. CAMONI
Assistant U.S. Attorney

SEPTEMBER 28, 2021                 _____

JAMES TYLER MURPHY
Defendant

9/29, 2021                         _____

ARI D. WEITZMAN
Attorney for Defendant

5